Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000585
15-FEB-2018
10:15 AM

NO. CAAP-17-0000585

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A., Plaintiff-Appellee,
v.
THEODORICO ERUM, JR., Defendant-Appellant
and
CHILD SUPPORT ENFORCEMENT AGENCY-KAUAI BRANCH;
COUNTY OF KAUAI, KOLOA MARKETPLACE, LLC;
STATE OF HAWAI'I-DEPARTMENT OF TAXATION;
KAUAI CREDIT ADJUSTERS LIMITED, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0288)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Upon review of the record, it appears that Defendant-Appellant Theodorico Erum, Jr. (Erum), pro se, appeals from the Honorable Randal G.B. Valenciano's June 30, 2017 judgment in Civil No. 13-1-0288, but we lack appellate jurisdiction because the appeal is untimely under Rules 4(a)(1) and 26(a) of the Hawai'i Rules of Appellate Procedure (HRAP).

The June 30, 2017 judgment and the accompanying June 30, 2017 writ of ejectment were immediately appealable under Hawaii Revised Statutes § 641-1(a) (2016) and the Forgay doctrine, see Forgay v. Conrad, 47 U.S. 201 (1848), because (1) they collectively required immediate execution of a command that real property be delivered to Erum's adversary, and (2) the losing party, Erum, would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation. See, e.g., Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995); Lambert v. Teisina, 131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014).

"When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The thirtieth day after June 30, 2017, was Sunday, July 30, 2017, which HRAP Rule 26(a) automatically extended to Monday, July 31, 2017. Erum filed his notice of appeal on August 2, 2017. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we lack appellate jurisdiction over Erum's appeal.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawaiʻi, February 15, 2018.

Presiding Judge

Associate Judge

Associate Judge